United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael Adderley, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-60440-Civ-Scola |
| | ) |
| Ivelisse Negron and others, | ) |
| Defendants. | ) |

**Order Denying Motion to Reopen Case**

This matter is before the Court on the pro se Plaintiff's "Motion to Reopen Case Based on New Discovery Violation of Civil Rights as a Grandson." (ECF No. 10.) This case was closed over one year ago, on April 26, 2019, when the Court adopted Magistrate Judge Hunt's report and recommendation, which found the complaint to be "incomprehensible." (R. & R., ECF No. 7 at 3.) Although it is not clear what, if any, authority the instant motion is filed pursuant to, the Court construes it as a motion to reconsider the Order dismissing this case (Order, ECF No. 8). For the foregoing reasons, the Court **denies** the motion to reconsider and reopen the case (**ECF No. 10**.)

To begin with, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

The motion purports to be "based on new discovery violation [sic] of civil rights," which implies that it is based on some event that took place or information discovered after the case was closed on April 26, 2019. The bulk of

the motion is copies of letters and records that mostly concern events taking place months or years before April 2019. Nevertheless, to the extent any of the information postdates the dismissal of this case, that information does not warrant reopening the case. For example, the motion includes a January 24, 2020 letter from the Department of Children and Families, which states that the Office of Inspector General reviewed and closed an investigation that found that the Plaintiff did not commit exploitation of an adult. (ECF No. 10 at 4-5.) The motion also includes a January 28, 2020 letter from The Florida Bar concluding that a letter sent by the Plaintiff claiming that an attorney violated his civil rights did "not fall within the purview of the grievance system framework" because it did not reflect "violations of the Rules of Professional Conduct." (ECF No. 10 at 13.) In sum, as incomprehensible as the motion is it clearly does not set forth any plausible basis for relief. Indeed, the "new" information in the motion appears to discredit the Plaintiff's grievances and does not suggest that reconsideration, much less reopening, is warranted.

Accordingly, the Court **denies** the motion (**ECF No. 10**). This case shall remain **closed**.

**Done and ordered**, in chambers, in Miami, Florida on July 14, 2020.

_____
Robert N. Scola, Jr.
United States District Judge